**Office of Disciplinary Counsel v. Cutruzzula**

Disciplinary Board Docket no. 147 D.B. 2004.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

SUH, *Member,* March 28, 2006—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On March 2, 2005, Office of Disciplinary Counsel filed a petition for discipline against Francis S. Cutruzzula, respondent. The petition charged respondent with professional misconduct arising out of his failure to appear for a private reprimand before the Disciplinary Board. Respondent did not file an answer to petition for discipline.

A disciplinary hearing was held on June 7, 2005, before a District III Hearing Committee comprised of Chair Randall G. Gale, Esquire, and Members Richard P. Mislitsky, Esquire, and Daniel J. Barrett, Esquire. Respondent did not appear.

Following the submission of briefs by the parties, the Hearing Committee filed a report on September 16, 2005,

finding that respondent engaged in professional misconduct and recommending that he be suspended from the practice of law for 15 months.

Respondent filed a brief on exceptions on October 7, 2005.

Petitioner filed a brief opposing exceptions and a motion to reopen the record on October 24, 2005.

This matter was adjudicated by the Disciplinary Board at the meeting on November 9, 2005.

Respondent filed a motion to reopen disciplinary case to supplement the record on January 17, 2006.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 1400, 200 North Third Street, Harrisburg, Pennsylvania 17101, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, Francis S. Cutruzzula, is not licensed to practice law in the Commonwealth of Pennsylvania, but was admitted pro hac vice to represent Noel Matos Montalvo in his criminal homicide trial in the Court of Common Pleas of York County, in which Mr. Montalvo was convicted. Respondent maintains his office at 591 Summit Avenue, Suite 700, Jersey City, NJ 07306. Respondent is subject to the disciplinary jurisdiction of the

Disciplinary Board of the Supreme Court of Pennsylvania pursuant to Pa.R.D.E. 201(a)(2), 201(a)(6) and 203.

(3) In accordance with Rules 208(a)(2), (3) and (5), Pa.R.D.E., by order dated October 7, 2004, the Disciplinary Board determined that respondent should receive a private reprimand with conditions as a result of misconduct involving Noel Matos Montalvo.

(4) The condition attached to the private reprimand was that within 30 days from the date of the order, respondent shall submit to the executive director and secretary of the board and to Disciplinary Counsel proof that he refunded $15,000 to the Montalvo family that he received from them to represent Noel Matos Montalvo in his death penalty case.

(5) By letter dated October 7, 2004, which was sent to respondent by both first class and certified mail, respondent was informed of the determination of the Disciplinary Board that he was to receive a private reprimand with conditions and was forwarded a copy of the Disciplinary Board's order dated October 7, 2004.

(6) The letter dated October 7, 2004, further informed respondent that, pursuant to Rule 208(a)(6), Pa.R.D.E., respondent had 20 days to demand as of right that a formal proceeding be instituted against him before a hearing committee and that in the event of such demand, respondent need not appear for the administration of the private reprimand.

(7) By letter dated October 27, 2004, respondent informed Elaine M. Bixler, secretary of the Disciplinary Board, that he accepted the "recommendation made by

the Disciplinary Board and will attend the private reprimand whenever and wherever it is scheduled."

(8) By notice dated December 16, 2004, sent to him by first class and certified mail, respondent was informed that his private reprimand was scheduled for January 18, 2005, at 10:30 a.m.

(9) The certified mail copy of the notice to appear dated December 16, 2004 was signed by someone in respondent's office, and the copy sent by first class mail was not returned.

(10) On January 5, 2005, Disciplinary Counsel Patti Bednarik called respondent to advise him that he had a duty to pay the Montalvos' $15,000 and provide proof to the Disciplinary Board by January 8, 2005.

(11) Respondent discussed the matter of repayment with Ms. Bednarik and asked if he could make a partial payment.

(12) Disciplinary Counsel Bednarik suggested that respondent call the secretary of the board to determine whether the board would accept a payment schedule.

(13) Respondent did not call or communicate with the secretary of the board about a payment plan.

(14) On January 18, 2005, the date set for the administration of the private reprimand in Philadelphia, respondent failed to appear.

(15) By letter dated January 25, 2005, sent by first class and certified mail, respondent was directed by Louis N. Teti, Chair of the Disciplinary Board, to provide, within 10 days of the date of that letter, "good cause" for his failure to appear for the private reprimand and to comply with the conditions attached thereto.

(16) Respondent did not reply to the January 25, 2005 letter of the chair.

(17) Respondent failed to appear for a pre-hearing conference scheduled for April 25, 2005.

(18) Respondent was served with notice of the pre-hearing conference by certified and regular mail.

(19) Respondent received notice of the disciplinary hearing scheduled for June 7, 2005.

(20) Respondent did not appear for the hearing.

(21) At no time before or after the hearing did respondent contact the Hearing Committee or the Office of Disciplinary Counsel to explain his failure to appear.

(22) Respondent sent a check in the amount of $5,000 dated October 1, 2005 to Mrs. Eulalie Montalvo, the mother of his client. The check was subsequently negotiated by Mrs. Montalvo.

(23) Respondent sent a check in the amount of $10,000 on January 6, 2006, to Mrs. Montalvo.

## III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rules of Professional Conduct:

(1) Pa.R.D.E. 203(b)(2)—Willful failure to appear before the Disciplinary Board for private reprimand is grounds for discipline.

(2) Pa.R.D.E. 204(b)—Failure to comply with the conditions of the private reprimand is grounds for discipline.

In addition to the foregoing misconduct resulting from respondent's failure to appear for the reprimand and

failure to comply with the conditions attached thereto, respondent is conclusively deemed to have violated the following Rules of Professional Conduct:

(3) R.P.C. 1.3—A lawyer shall act with reasonable diligence and promptness in representing a client. Respondent was paid $20,000 to represent Noel Montalvo in an appeal of a death penalty and failed to act with reasonable diligence and promptness. He did no legal work on the matter but retained local counsel for $5,000 to handle the appeal.

(4) R.P.C. 1.4(a)—A lawyer shall keep a client informed about the status of a matter and promptly comply with reasonable requests for information. Mr. Montalvo wrote to respondent on 15 occasions, and respondent failed to respond to these letters.

(5) R.P.C. 1.4(b)—A lawyer shall explain a matter to the extent necessary to permit the client to make informed decisions regarding the representation. Respondent failed to advise Mr. Montalvo that he had retained local counsel to handle the appeal. Mr. Montalvo asked respondent several times in his letters whether post-verdict motions were filed. Respondent did not advise his client on this issue.

(6) R.P.C. 1.5(a)—A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee. Respondent charged $20,000 to handle the appeal and did virtually nothing to earn that fee. Instead, respondent simply paid local counsel $5,000 to handle the appeal without his client's knowledge or consent.

(7) R.P.C. 1.5(e)(1)—A lawyer shall not divide a fee for legal services with another lawyer who is not in the

same firm unless the client is advised of and does not object to the participation of all the lawyers involved. Respondent divided a fee with local counsel, who was not in his firm, and did not advise his client.

(8) R.P.C. 1.5(e)(2)—A lawyer shall not divide a fee for legal services with another lawyer who is not in the same firm unless the total fee of the lawyers is not illegal or clearly excessive for all legal services they rendered the client.

(9) R.P.C. 1.15(b)—Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property. Mr. Montalvo requested a refund of unearned fees in writing on several occasions, but respondent failed to provide the refund of any unearned fees.

(10) R.P.C. 1.16(d)—Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned.

(11) R.P.C. 8.4(c)—It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation. Respondent engaged in fraud and deceit by accepting a $20,000 retainer to

represent Mr. Montalvo and not advising Mr. Montalvo that he was simply going to retain another attorney to do the work for him for a fee of $5,000.

## IV. DISCUSSION

This matter is before the board for consideration of a petition for discipline filed against respondent charging him with professional misconduct in light of his failure to appear for a private reprimand and fulfill a condition attached thereto. This matter had its origin in a criminal matter in York County, Pennsylvania. While respondent is not a member of the Pennsylvania Bar, he was admitted pro hac vice to represent Noel Montalvo in a first-degree murder case. A member of the Pennsylvania Bar was retained as local counsel. Mr. Montalvo was convicted and an appeal was taken. Respondent accepted $20,000 to represent Mr. Montalvo on appeal. Instead of handling the appeal himself, respondent hired local counsel to proceed with the appeal and paid him $5,000. Respondent kept $15,000 but did no legal work. Mr. Montalvo was not advised of this.

Respondent was found to have violated multiple Rules of Professional Conduct: 1.3, 1.4(a), 1.4(b), 1.5(a), 1.5(e)(1) and (2), 1.15(b), 1.16(a) and 8.4(c). The Disciplinary Board determined that a private reprimand was appropriate discipline. By order of October 7, 2004, respondent was ordered to refund the unearned fee of $15,000 to the Montalvo family and to appear on January 18, 2005 for a private reprimand. The record is clear that respondent received notice of the private reprimand, and his rights and obligations pertaining thereto. Respondent was aware that he had the right to demand the institution of formal

proceedings. Respondent did not avail himself of this right. Instead, respondent by letter of October 27, 2004, informed the secretary of the board that he accepted the recommendation of the board and would attend the private reprimand. Respondent did not appear on January 18, 2005, nor did he fulfill the condition of returning unearned monies to the Montalvo family. Subsequent to his non-appearance the within petition for discipline was filed against respondent.

To further aggravate the situation, respondent failed to appear for the pre-hearing conference or the disciplinary hearing. Respondent filed a brief to the committee, although it was filed 27 days after the due date. Petitioner objected to the brief due to the untimely nature of its filing and as to the introduction of factual matters not of record. The committee decided to consider respondent's brief as it was looking for some reasonable explanation to justify respondent's continued lack of participation and his refusal to return the funds as directed. The committee found respondent's reasons for nonpayment disingenuous and his promise to pay future monthly installments unconvincing. The committee further found that respondent's failure to appear at the private reprimand, the pre-hearing conference and the disciplinary hearing could not be rationalized. The committee, having reached no understanding of respondent's position on this matter, concluded that a 15-month period of suspension was appropriate discipline.

Respondent filed a brief on exceptions and offered that he forwarded to his client's mother an installment payment of $5,000. Petitioner filed a brief opposing exceptions and filed a contemporaneous motion to reopen the

record to consider respondent's evidence concerning the partial payment. At the meeting of November 9, 2005, the board considered the motion and determined to deny it based on the fact that respondent had ample opportunity to set forth any evidence he deemed critical for the board and the Supreme Court to consider. Subsequently, on January 17, 2006, respondent filed with the board a motion to reopen disciplinary case to supplement the record, for the purpose of demonstrating that he made complete restitution to the Montalvo family. Respondent submitted to the board a check, cover letter and postal receipt in support of his claim of restitution.

The board concurs with the Hearing Committee that a suspension is the necessary response to an attorney who ignores his obligations to the disciplinary system. While respondent is not a member of the Pennsylvania Bar, by his pro hac vice admission he has submitted himself to the rules and regulations governing attorneys who practice law in this Commonwealth. The board is persuaded that a one-year period of suspension is appropriate to address this respondent's misconduct. Respondent was on notice since October 7, 2004, that by directive of the Disciplinary Board he must refund $15,000 to the Montalvo family. While the board is willing to accept at face value the lately submitted evidence that respondent made restitution, our recommendation remains the same. The board and the Supreme Court take very seriously the acts of an attorney evidencing repeated disregard for his professional obligations to his client and the disciplinary system. Respondent's careless and lackadaisical attitude precipitated his full-blown entanglement with the disciplinary system, causing a matter that could have been handled privately to result

in a loss of his license. While respondent may believe that he has wiped clean his slate by finally making restitution some 15 months after being directed to do so, this matter was never predicated solely on the return of monies to the Montalvo family. Respondent's failure to recognize and respond to the disciplinary system of this Commonwealth on numerous occasions warrants his suspension from the practice of law.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, Francis S. Cutruzzula, be suspended from the practice of law for a period of one year.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Members Saidis, Newman, Gephart and O'Connor dissented and would recommend a suspension of 15 months with the requirement that restitution to the client be a condition of reinstatement.

---

## DISSENTING OPINION

O'CONNOR, *Member,* March 28, 2006—The undersigned respectfully dissents from the report and recommendation of the majority in this matter.

While the facts set forth by the majority are accurate, a few more telling aspects of the respondent's character were ignored. Mr. Cutruzzula agreed to pay another lawyer $5,000 to represent Mr. Montalvo but only paid

him $3,000. In addition Mr. Cutruzzula asked if he could make partial payments and then decided on his own it was acceptable after being told to contact the Disciplinary Board.

Mr. Cutruzzula knew of the private reprimand to be administered but ignored it and decided not to attend. Notice was received by him of the hearing and once again, he elected not to notify the board he would not attend, choosing instead to just not show up.

Here we have an attorney in a neighboring state who requested permission to appear in the Commonwealth. After permission was granted, the respondent violated 11 of our rules.

A review of the record finds little mitigating evidence other than that respondent has no prior record with us.

Mr. Cutruzzula appears to believe he can ignore our rules and regulations, pay back the money he was ordered to pay and get off without having to apply for reinstatement. I disagree.

No good reasons were set forth why the respondent violated the rules and then chose to ignore our disciplinary system. The actions of Mr. Cutruzzula appear to be more indicative of his desire to do as he feels and not follow the regulations. He kept money he did not deserve, failed to pay another lawyer for services rendered, was not honest about the facts and ignored the board and Hearing Committee. This man gives lawyers a bad name and should be forced to reapply for admission before being allowed to practice law in the Commonwealth.

It is respectfully submitted a more proper recommendation is a 15-month suspension.

Board Members Saidis, Newman and Gephart join in this dissenting opinion.

## ORDER

And now, June 14, 2006, upon consideration of the report and recommendations of the Disciplinary Board and dissenting opinion dated March 28, 2006, it is hereby ordered that Francis S. Cutruzzula be and he is suspended from the practice of law in this Commonwealth for a period of one year and one day, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.